UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEAH MANDA EGGLESON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PIERCE COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Respondent. | CASE NO. 3:22-CV-5322-JLR-DWC<br><br>ORDER DECLINING TO DIRECT RESPONDENT TO RESPOND |

The District Court has referred this action to United States Magistrate Judge David W. Christel. On May 6, 2022, Petitioner Leah Manda Eggleson, a pre-trial detainee housed at the Pierce County Jail, filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1.

The Court has now reviewed the Petition and finds it is inappropriate for the Court to intervene in this case because the Court must abstain pursuant to *Younger v. Harris,* 401 U.S. 37 (1971). Further, the Petition is unexhausted. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by June 6, 2022.

## I. Background

Petitioner contends the trial court violated her constitutional rights by revoking her pretrial release after finding a demonstration on her behalf outside the courthouse on the opening day of her trial raised the possibility of improper interference with potential jurors. Dkts. 1, 2.

During a hearing on April 19, 2022, the court expressed concerned that a group of people outside the courthouse conveyed written messages and spoke with people coming into the building "suggest[ing] that the prosecution was unfair and that the defendant was not guilty or actually innocent." Dkt. 3-1 at 15. Because this messaging might have improperly influenced potential jurors arriving at the courthouse, the court—over Petitioner's objection—continued the trial to May 9, 2022 in order to obtain a new jury panel. *Id*. at 38–41. The court also increased Petitioner's bail and returned her to confinement after finding she "promoted and encouraged and helped indirectly" with the demonstration. Dkt. 3-8; Dkt. 3-1 at 48–49. Petitioner states the court subsequently denied her motions for reconsideration and for a continuance of the May 9, 2022 trial date. Dkt. 3 at 2. Petitioner does not contend she appealed these orders to the state appellate courts.

Petitioner alleges the court's revocation of her release improperly punished her for the expressions of third parties in violation of her rights under the First Amendment, Fourteenth Amendment due process clause and Eighth Amendment. Dkt. 1 at 3. Petitioner seeks an order requiring her release from confinement, staying her state court trial and enjoining her trial until she is released and "has time to prepare for trial with her counsel."

## II. Discussion

**A.** Younger Abstention

Because petitioner is a pretrial detainee facing unresolved and pending state criminal charges, the Court must determine Petitioner's claim is inappropriate in federal court under the

*Younger* abstention doctrine. *Younger* requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43–44. Third, Petitioner has failed to allege facts showing she has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Fourth, the Petition expressly seeks to enjoin the ongoing state judicial proceeding. Dkt. 2 at 11; Dkt. 3 at 2.

Finally, the evidence submitted by Petitioner does not establish extraordinary circumstances of bad faith or harassment. Instead, it shows the trial court's actions were an attempt to protect against improper influence upon potential jurors. Dkt. 3-1 at 38–40. Such action, even if it were ultimately to be found erroneous, would not qualify for the narrow exception to *Younger*. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a

valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

As the *Younger* abstention doctrine appears to apply to Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

B. Exhaustion

In addition, Petitioner has not exhausted her state court remedies.

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see Younger*, 401 U.S. 37. Petitioner does not show she exhausted state court remedies by presenting federal constitutional claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against her.

Instead, Petitioner argues exhaustion should not be required because the process will take too much time. Dkt. 2 at 8. But Petitioner's claims do not require immediate federal intervention before the state courts have had an opportunity to review them. Petitioner has not established that she will be harmed if required to pursue her state court remedies. While Petitioner contends the

trial court acted in "bad faith" in revoking her release, she has made no showing that the state appellate courts are not capable of fairly considering an appeal.

Petitioner appears to assert that she will be harmed by proceeding to trial because her defense is hampered by her confinement. Dkt. 3 at 2. But during the April 19, 2022 hearing, Petitioner's counsel *opposed* any continuance of the original trial date and requested "to proceed with trial now because my client's ready to get it done." Dkt. 3-1 at 37. And Petitioner has shown no reason why her state appellate remedies would be inadequate to address any constitutional errors made in connection with her trial.

Petitioner has not shown special circumstances warranting federal intervention in this case before it is presented to the state appellate courts. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

**C.** <u>Verification</u>

Finally, the Petition is not signed by Petitioner. Pursuant to Local Rules, W.D. Wash. ("LCR") 100, where a petition is not signed by the person in custody, the person signing the petition

> shall verify the same on behalf of such party in custody, and shall set forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated.

LCR 100(e).

If Petitioner files an amended petition, it must either be signed by Petitioner or properly verified pursuant to LCR 100(e).

**III.** **Instructions to Petitioner and the Clerk**

If Petitioner intends to pursue this § 2241 habeas action, she must file a response to this Order and an amended petition on the form prescribed by the Court. The amended petition must

be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the Petition, and not as a supplement.

The Court notes the proper respondent is the person who has custody over Petitioner. *See* 28 U.S.C. § 2242. If Petitioner files an amended petition, she must ensure the amended petition names the correct respondent.

If Petitioner fails to adequately address the issues raised herein or file an amended pleading on or before June 6, 2022, the undersigned will recommend dismissal of this action.

Dated this 10th day of May, 2022.

David W. Christel
United States Magistrate Judge